SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
  pklee@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815

SUZANNE Y. BADAWI, Cal. Bar No. 194692
  sbadawi@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398

Attorneys for Defendant
ALLSTATE NORTHBROOK
INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MUNOZ, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY; and DOES 1 to 50,<br><br>   Defendants. | Case No. **'22CV1621 DMS DEB**<br><br>[Removed from San Diego County Superior Court, Case No. 37-2022-00030995-CU-IC-CTL]<br><br>**DEFENDANT ALLSTATE NORTHBROOK INDEMNITY COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)**<br><br>Complaint filed:  August 4, 2022 |

-1-

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441(b) and 1446, defendant Allstate Northbrook Indemnity Company ("Allstate") hereby removes the state court action described below from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, and submits the following statement of facts, which entitles Allstate to removal:

## JURISDICTIONAL STATEMENT

This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

I.  **Compliance With Statutory Requirements**

1. On or about August 4, 2022, Plaintiff Veronica Munoz ("Plaintiff") filed a lawsuit in the Superior Court of the State of California for the County of San Diego entitled *Veronica Munoz v. Allstate Northbrook Indemnity Company, and DOES 1 to 50* (the "Action"). The Complaint alleges causes of action for (1) Breach of Insurance Contract, (2) Tortious Breach of the Covenant of Good Faith and Fair Dealing, and (3) Unfair Competition (B&P Code Sec. 17200, et seq.). Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

2. Allstate was served with the Complaint on September 23, 2022. Attached hereto as **Exhibit B** is a true and correct copy of the Service of Process of the Complaint on Allstate **("Proof of Service," Exhibit B)**.

3. Allstate filed an Answer to the Complaint in the State Court action on October 5, 2022. Attached hereto as **Exhibit C** is a true and correct copy of the Answer **("Answer," Exhibit C)**.

4. Allstate's removal is timely because it was filed within 30 days after Allstate was served with Plaintiff's Statement of Damages (served concurrently on Allstate with the Complaint), from which it was first ascertained that the case is one which is removable. *See* 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(d), Allstate will promptly provide written Notice of Removal of this Action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of San Diego.

6. The United States District Court for the Southern District of California embraces San Diego County. At all relevant times, Plaintiff is and was a citizen of the United States, as well as a resident domiciled in the city of San Diego, County of San Diego, California. **(Complaint, Ex. A, ¶ 1.)** Therefore, for the purposes of diversity, Plaintiff is a citizen of California.

7. Based on Plaintiff's citizenship and county of domicile and residence, the United States District Court for the Southern District of California is a proper venue for this Action pursuant to 28 U.S.C. §§ 84(c) and 1441(a).

## II. Statement of the Grounds for Removal

### A. *There Is Complete Diversity Between Allstate and Plaintiff*

8. Allstate removes this case under 28 U.S.C. § 1441. Removal is proper because, as alleged in more detail below: (1) there is complete diversity between Allstate and Plaintiff; and (2) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

9. Allstate is, and was, at the commencement of the state court action, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Cook County, Illinois. Allstate does not have substantial predominance of its corporate activities in the State of California. Its corporate "nerve center," where the majority of its executive and administrative functions are performed, is in Northbrook, Illinois. Thus, Allstate is, and was at the

commencement of the state court action and at the time of removal, a resident and citizen of the state of Illinois, as well as of the United States. Thus, this action satisfies the diversity requirements of 28 U.S.C. § 1332(d). Attached as **Exhibit D** is a Certificate of Good Standing for The Allstate Corporation, the parent of Allstate Northbrook Indemnity Company, both of which are residents and citizens of Illinois. (Badawi Decl. ¶ 5.)

10. Plaintiff is and was at the commencement of the Action and at the time of removal, a citizen of the United States, who is and was a resident domiciled in the city of San Diego, County of San Diego, State of California, making her a citizen of California for purposes of diversity. There is no indication that Plaintiff is or was a citizen of Illinois, the only fact that would destroy diversity of citizenship in this case.

11. Plaintiffs' naming of 50 fictitious "Doe" defendants without identifying their residence has no effect on the diversity analysis in this case. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes.") (citing former Section 1441(a)).

12. Disregarding all the "Doe" defendants, the only defendant left is Allstate. Thus, complete diversity exists between Allstate and Plaintiff, meeting the diversity requirements of 28 U.S.C. § 1332.

**B.     *The Amount In Controversy Requirement Is Met***

13. The procedure for removal is outlined in 28 U.S.C. § 1446(b). This procedure requires removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." *Id.* However, pursuant to 28 U.S.C. § 1446(b)(3), if "the case

-4-

SMRH:4890-6958-0856.1   ALLSTATE'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)

stated by the initial pleading is not removable" a "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14. Here, although the Complaint was silent as to the amount in controversy, Plaintiff served a Statement of Damages on Allstate concurrently with the Summons and Complaint. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's Statement of Damages which was served on Allstate on September 23, 2022. (Badawi Decl. ¶ 6.)

15. In her Statement of Damages, Plaintiff expressly states that she is seeking (1) $1,000,000 in "pain, suffering, and inconvenience" damages, (2) $1,000,000 in "emotional distress" damages, (3) $250,000 in "breach of contract" damages, and (4) $1,000,000 in "punitive" damages (Exhibit E, pg. 1). Based on her Statement of Damages, **Plaintiff is expressly seeking at least $3,250,000 in damages from Allstate**. (Badawi Decl. ¶ 7; Exhibit E.)

16. A Statement of Damages qualifies as an "other paper" under U.S.C. § 1446(b)(3). *See*, *e.g.*, 28 U.S.C. § 1446(c)(3)(A) ("[I]nformation relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."); *Mix v. Allstate Insur. Co.*, 2000 WL 1449880, *2 (C.D. Cal. Apr. 19, 2000)(statement of damages was first paper establishing amount in controversy); *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)(plaintiff's admission in discovery established that amount in controversy exceeded jurisdictional amount); *Yazdchi v. Enersys Delaware, Inc.*, 2018 WL 581029, at *3 (C.D. Cal. Jan. 24, 2018)(discovery response qualifies as other paper satisfying amount in controversy requirement).

17. Additional evidence further establishes that Plaintiff is seeking more than $75,000 in this Action. Specifically, Plaintiff's claims for emotional distress

damages, punitive damages and attorneys' fees, and the cited jury verdicts all establish – by a preponderance of the evidence – that the amount in controversy is well above the Court's jurisdictional minimum of $75,000.  **(Exhibit A, Complaint at ¶¶ 39, 46 [emotional distress]; ¶39 and Prayer for Relief ¶¶ E, J, L [attorneys' fees]; ¶ 47 and Prayer for Relief ¶¶ C, H [punitive damages];** *See also* **Badawi decl., at ¶ 8, Exhibit F [jury verdicts for over $75K for general damages in UM/UIM insurance bad faith and other insurance bad faith cases].)**

    a.    <u>Emotional Distress</u>.  Emotional distress damages are included in determining the amount in controversy.  *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994); *Richmond v. Infinity Ins. Co.*, 897 F.Supp. 447 (S.D. Cal. 1995).

    i.    Courts have held that emotional distress damages in a bad faith action by itself could exceed the minimum $75,000 threshold.  *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1251 (C.D. Cal. 2012) ("The Court finds that it is more likely than not that emotional distress damages may be substantial if Cain's allegations in the Complaint are accepted as true.  If such damages were awarded, those damages alone could exceed the minimum $75,000 threshold"); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450- 51 (S.D.Cal.1995) (removal proper because plaintiff's emotional distress damages were potentially substantial).

    ii.    "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *see also Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, *4 (N.D.Cal.2008). In bad faith cases, juries have awarded emotional distress damages well in excess of the minimum $75,000 amount in controversy.  *See, e.g., Clayton v. United Services Auto. Assn.*, 54 Cal.App.4th 1158, 63 Cal.Rptr.2d 419 (1997) (emotional distress award of $400,000 for insurance bad faith); *Hangarter v. Provident Life and Acc.*

*Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004) (jury awarded $400,000 in emotional distress damages for bad faith damages stemming from denial of disability benefits); *Ace v. Aetna Life Ins. Co.*, 40 F.Supp.2d 1125 (D. Alaska 1999) (jury verdict initially awarded $27,009 for wrongful denial of disability benefits and $100,000 for emotional distress). (**"California Jury Verdicts," Exhibit F.**) (**Badawi decl., at ¶ 8.**) Additionally, see the following Bad Faith verdicts in California courts:

1. *Carpenter v. Allstate Insurance Company,* 1 Trials Digest 16th 12, 2012 WL 6827398 (C.D.Cal.) (Verdict and Settlement Summary)*:* **UIM bad faith verdict of $10,000,000 ($455,000 in general damages).**

2. *Murray v. United States Liability Insurance Company,* 31 Trials Digest 16th 10 (2012) WL8718283 (Cal. Super)*:* **UIM bad faith verdict of $1,996,482 for emotional distress/death.**

3. *Keith Cunningham v. State Farm Mutual Automobile Insurance Company*, 2009 WL 5948296 (Cal. Superior): **UIM bad faith verdict of $175,000.**

4. *Mercer v. State Farm Mutual Automobile Insurance Company (UM/UIM & Bad Faith)*, 27 Trials Digest 15th 7, 2012 WL 2556524 (Cal. Super): **UIM bad faith verdict of $238,058 ($138,058 attorney fees; $100,000 emotional distress).**

5. *Graciano v. Mercury General Corporation*, 25 Trials Digest 15th 9, 2012 WL 23354701 (Cal. Super): **Bad faith verdict of $2,195,000.**

6. *1800 South Maple Street, LLC et al. v. Allied Property and Casualty Ins. Co. et al.*, 2009 WL 5538683 (Cal. Superior): **Bad faith verdict of $28,782,917 ($400,000 in general damages to plaintiffs).**

7. *White v. GEICO Indemnity Company*, Case No. BC471221 (Cal. Super. Ct.): Bad faith verdict where jury awarded plaintiffs **$251,000 and $75,000, respectively, in emotional distress damages** stemming from a $3,500 property damage claim.

8. *Martinez v. Mercury Insurance Company*, Case No. BC511701 (Cal . Super. Ct.): **$600,000 emotional distress award** with $4,323 in contract damages and $56,360

in attorney fees.

9. *Clayton v. United Servs. Auto. Assn.*, 54 Cal. App. 4th 1158 (1997)**: emotional distress award of $400,000 for insurance bad faith.**

10. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004); **jury awarded $400,000 in emotional distress damages** for bad faith damages stemming from denial of disability benefits.

(*See* **Exhibit F (jury verdicts); Badawi decl., at ¶ 8.**)

    iii. Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000.

   **b.** <u>Attorneys' Fees</u>. Likewise, a claim for attorneys' fees is also included in determining the amount in controversy. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365 (9th Cir. 1982). The Complaint also alleged that Plaintiff is entitled to recover attorneys' fees. **(Complaint ¶39 and Prayer for Relief ¶¶ E, J, L; Exhibit A.)** Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

    i. In *Smith-Dickerson v. State Farm Mut. Auto. Ins. Co., Inc.*, 2018 WL 2193133 (N.D. Cal. May 14, 2018), the insurer estimated that it was "more likely than not that plaintiff's attorney will bill at least $20,000 to $30,000 in *Brandt* fees because hourly rates for bad faith lawsuits are at $200 to $300 on the lower end of the range and it will require far more than 100 hours of billable time for an attorney to take this case through a motion for summary judgment." *Id.* at *4 (internal quotation marks omitted). Based on this estimate, the court found jurisdiction after concluding it was likely that "fees of $10,000 to $20,000 would be reasonable." *Id.* The same is true here. Indeed, just like in *Smith-Dickerson*,

Plaintiff will contend that $20,000 in attorney's fees is reasonable to cover "initial disclosures, a case management conference, propounding and responding to written discovery, reviewing documents produced by [Allstate], participating in ADR, defending the plaintiff's deposition, taking depositions of defense witnesses, attending third-party depositions, and opposing a motion for summary judgment." *Id.*; *Smith-Dickerson*, 2018 WL 2193133, *4. In fact, after accounting for attorney's fees and punitive damages, courts have repeatedly concluded that the $75,000 jurisdictional limit is met in bad faith claims like this one, even where the compensatory damages amount is far below the amount sought by Plaintiffs here. *See, e.g., id.*; *Moss v. Infinity Ins. Co.*, 2015 WL 6095254, at *4 (N.D. Cal. Oct. 16, 2015).

        c.    <u>Punitive Damages</u>. Moreover, punitive damages are also included in determining the amount in controversy. *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447 (S.D. Cal. 1995).

        i.    The Complaint also alleges that Plaintiff is entitled to recover punitive damages. **(Complaint ¶ 47 and Prayer for Relief ¶¶ C, H, Exhibit A.)** For purposes of determining the amount in controversy in the context of removal, courts commonly use a "conservative" 1 to 1 ratio of punitive damages to compensatory damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (including amount of punitive damages in amount in controversy based on "conservative" 1 to 1 multiplier of other recoverable damages sought); Jian-Ming *Zhao v. RelayRides, Inc.*, 2017 WL 6336082, at *15 (N.D. Cal. Dec. 12, 2017) ("The Court also finds that the ratio of 1:1 between punitive and economic damages used by Defendants is reasonable as it is a 'conservative' ratio for purposes of calculating the amount in controversy."); *Tompkins v. Basic Research LL*, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (finding the jurisdictional threshold satisfied after "applying the 'conservative' estimate of a 1:1 ratio between

1 compensatory and punitive damages").

2     ii. Indeed, courts often use an even higher multiplier for
3 purposes of determining jurisdiction. *See, e.g.*, *James Dickey, Inc. v. Alterra Am.*
4 *Ins. Co.*, 2015 WL 4537732, at *2-3 (C.D. Cal. July 27, 2015). In *James Dickey*, for
5 example, the plaintiff alleged that the insurer acted in bad faith by withholding
6 benefits owed on a claim for plaintiff's stolen tools, which, according to the
7 plaintiff's statement of loss, were worth $31,671. *Id.* The court found that the
8 jurisdictional amount was satisfied after calculating the amount of punitive damages
9 using a "conservative 2–to–1 ratio." *Id.* at 3.

10     iii. The same result is warranted here even applying a much
11 lower ratio. Plaintiff's statement of damages demonstrates that she seeks
12 $2,250,000 in compensatory damages. Thus, assuming the most conservative 1-to-1
13 ratio between punitive and compensatory damages, the total damages Plaintiff is
14 seeking in this action is $4,500,000 ($2,250,000 in compensatory damages and
15 $2,250,000 for punitive damages), well in excess of the jurisdictional limit.

16   18. In summary, Plaintiff is seeking at least the **$3,250,000** in damages she
17 expressly stated she has suffered in her Statement of Damages, which is further
18 reinforced by her claims for emotional distress damages, attorneys' fees and
19 punitive damages. Therefore, this matter is a civil action in which the amount in
20 controversy exceeds the sum of $75,000.00, exclusive of interest and costs, thus
21 meeting the requirements of 28 U.S.C. § 1332.

### III. Removal is Timely Pursuant to 28 U.S.C. § 1446(b).

23   19. Here, Allstate's notice of removal is timely because it is being filed
24 within 30 days of Allstate's receipt of Plaintiff's Statement of Damages, which was
25 the first "paper" Allstate received that established that the amount in controversy in
26 this action exceeds $75,000. (Badawi Decl. ¶ 9.)

27   20. Based on the foregoing, diversity, the amount in controversy, and
28 timeliness of removal are all established.

21. Copies of all other documents that have been filed in the state court action are attached hereto as **Exhibit G.**

**WHEREFORE**, Allstate prays that the state court action now pending against it in the Superior Court of the State of California for the County of San Diego be removed to this United States District Court for the Southern District of California.

Dated: October 20, 2022   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Suzanne Y. Badawi*
     SUZANNE Y. BADAWI

Attorneys for Defendant
ALLSTATE NORTHBROOK INDEMNITY COMPANY

SMRH:4890-6958-0856.1   ALLSTATE'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)